UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 4:15-cv-01019-JAR ) |
| COMMERCIAL DRYWALL CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Doc. 9). For the following reasons, Plaintiffs' Motion is **GRANTED IN PART, AND DENIED IN PART**.

Plaintiffs filed this action on June 30, 2015, pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 505 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, § 1145 (Doc. 1). In their complaint, Plaintiffs allege that Defendant Commercial Drywall Corporation ("Commercial") has failed to file reports evidencing hours worked and failed to make the required contributions and dues remissions under the collective bargaining agreement since on or about April 3, 2015 (*Id.* at 7). Plaintiffs further assert that Defendant Thomas Wilkerson ("Wilkerson") is jointly liable with Commercial because he signed the collective bargaining agreement ("CBA") on behalf of Commercial and signed a document labeled "Guarantee of Payment of Wages, Dues, Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments" (the "Guarantee") (*Id.* at 9). Plaintiffs seek, for the period of the week ending April 3,

2015 through the date of the Complaint, the unpaid principal amount of contributions and deductions, liquidated damages, reasonable attorney's fees, and any accounting fees and costs incurred by Plaintiffs in this action (*Id.* at 7-8, 10).

Defendants were served with the summons and the Complaint on July 14, 2015 (Docs. 4, 5), and on October 13, 2015, Clerk's entry of default was entered (Doc. 7). Plaintiffs now move this Court for a default judgment against Defendants for an order compelling Commercial to submit to an accounting for the period from December 4, 2013 through the present (Doc. 9, Doc. 10 at 6).

When the Clerk of Court has entered default against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Therefore, in deciding the present motion for default judgment, the Court accepts as true the factual allegations contained in Plaintiffs' Complaint.

Plaintiffs have established that Commercial is bound by a CBA with Painters District Council No. 58. This agreement requires Commercial to submit weekly reports on all covered employees, to contribute on a weekly basis to the Trusts,[1] and to remit contributions to Painters District Council No. 58. The CBA further entitles the Trustees the right to conduct an audit of an employer's records to determine if the required contributions have been made. The only way in which Plaintiffs can determine the amount owed is through such a financial examination. The CBA and Trust documents also require Commercial to pay liquidated damages, Plaintiffs' attorney's fees, and costs incurred in an action to collect delinquent contributions and Union

---

[1] The St. Louis Painters Pension Trust, the St. Louis Painters Welfare Trust, the St. Louis Painters Vacation Trust, and the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust.

dues. Plaintiffs have also established that Wilkerson executed an unconditional guaranty to the Union. Accordingly, the Court finds that Plaintiffs are entitled to the relief requested in their Complaint and that Defendants are jointly and severally liable for damages. However, to the extent Plaintiffs request relief that is outside the timeframe of the Complaint, the Court will deny their Motion. The Complaint clearly indicates that Plaintiffs seek, <u>for the period of the week ending April 3, 2015 through the date of the Complaint</u>, the unpaid principal amount of contributions and deductions, liquidated damages, reasonable attorney's fees, and any accounting fees and costs incurred by Plaintiffs in this action. Therefore, the Court will not permit Plaintiffs to perform an accounting, or otherwise recover damages, for any time outside that period.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 9) is **GRANTED,** but only for the period of the week ending April 3, 2015 to the date of the Complaint which is June 30, 2015, and is **DENIED** to the extent it seeks relief outside of that timeframe**.**

**IT IS FURTHER ORDERED** that Defendants shall provide to Plaintiffs within thirty (30) days of the date of this Order the payroll registers and other documents needed to perform an audit for the period of the week ending April 3, 2015 to June 30, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of April, 2016.